IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL   NO.   W-24-CR-31-ADA |
| § | |
| SIDNEY DAVID TAYLOR § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

I. PROCEDURAL BACKGROUND

The Defendant was found guilty of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Court sentenced the Defendant to twenty-four months imprisonment, followed by a three-year term of supervised release. On May 18, 2023, the Defendant was released to his term of supervision. On January 23, 2024, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his release and seeking a show-cause

1

hearing as to why the Defendant's supervised release should not be revoked. The petition alleged the Defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Violation Number 2:** Violation of Standard Condition No. 4: The defendant shall answer truthfully the questions asked by the probation officer.
>
> **Violation Number 3:** Violation of Standard Condition No. 13: The defendant shall follow the instructions of the probation officer related to the conditions of supervision.
>
> Nature of Noncompliance: On October 21, 2023, a Williamson County Magistrate Judge issued a warrant for the defendant for Burglary of a Building, which was served on December 19, 2023. According to the felony complaint, "Sidney David Taylor (w/m, 09/05/1990), on or about the 19th day of October, 2023, in Williamson County, Texas, did then and there without the effective consent of the owner, enter into a building, which does not provide unrestricted public access, with the intent to commit theft."
>
> Further investigation by the Williamson County Sheriff's Office revealed on October 20, 2023, a Project Engineer (PE) overseeing the construction of the Public Storage facility arrived at the facility and noticed the electric gate leading into the facility was open. The PE noticed damage to the "Loading" door utilized by customers to access their storage units. Recorded video footage revealed a black Dodge truck arrived at the facility on October 19, 2023, at 1913 hours. The driver exited the vehicle and utilizing bolt cutters, cutting the lock off the automatic vehicle access gate control box. The driver then pushed the gate open before driving into the secure facility.
>
> The driver was observed parking his vehicle in front of the "Loading" door before using tools to pry the interior door to the loading area open. This door is locked and requires a key code to access. The PE advised the facility had just opened and no customers had moved their belongings into the facility yet. The driver was observed walking the hallways of the storage unit before pushing a rolling cart next to the interior loading area door. This door leads into the secured storage unit area. The driver brought his own tools into the facility to defeat the interior loading door lock mechanism. Still photos of the driver, a secondary suspect, and the suspect's vehicle's license plate (SZV0621) were obtained from the security camera footage. The vehicle was determined to be registered to Ellen Taylor (Sidney David Taylor's mother). Photographs of the driver were consistent with the images of Sidney David Taylor's Texas Driver's License.

Further investigation by a Williamson County Organized Crime Unit detective revealed that the defendant is under investigation in a separate incident and does drive a black 2019 Dodge truck with a Texas license plate of SZV0621.

On November 29, 2023, the defendant advised via text messaging that he knew he had an active warrant out of Williamson County after a bondsman told him upon the arrest of his girlfriend, Morgan Baker. The defendant was told by U.S. Probation Officer (USPO), Matthew MacRoy, to turn himself in on the active warrant.

On November 30, 2023, the defendant advised USPO MacRoy via text message "Detectives are supposed to be getting in touch with you, they went and spoke to my girlfriend, and she told them how it was her and not me involved. Also, she is helping them out with some questions that they had. I'm just letting you know that this warrant is supposed to be taken away immediately."

On December 13, 2023, the defendant text messaged USPO MacRoy "Can you call me back? I'm in the hospital with my girlfriend right now. I was in the hospital myself too until yesterday. Had over 100 degree fever, chest/heart pains and more. I am going to turn myself in. I was just curious on if the detectives ever contacted you?" USPO MacRoy responded, "Sidney you were supposed to turn yourself in 10 days ago. I cannot share any information about the situation with you." The defendant replied, "I was told not to and that the detectives were going to take care of my warrant. I'm super sick, I will turn myself in on Monday morning so I am not stuck in booking all weekend and sick."

On December 15, 2023, USPO MacRoy spoke with Detective Shawn O'Neal, with the Williamson County Sheriff's Office, and was advised that narcotic detectives with the Williamson County Sheriff's Office were not interested in talking with the defendant and only wanted to speak with the defendant's girlfriend, Morgan Baker. Additionally, Morgan Baker has been identified as the second suspect in the October 19, 2023, burglary. The detective advised that the defendant was never told to not turn himself in on the warrant by any detectives at Williamson County.

## II. **FINDINGS OF THE COURT**

At the hearing, the Defendant pleaded no contest to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violation.

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for twelve months and one day, with no term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of March 2024.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE